UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------X

ERIC WEISS,

                              Plaintiff,

      -against-

CITY OF NEW YORK, MARK SCARLATELLI, Individually,
CLYDE MOYER, Individually, MATHEW REICH, Individually,
and JOHN and JANE DOE 1 through10, Individually, (the
names John and Jane Doe being fictitious, as the true names are
presently unknown),

                              Defendants.

-------------------------------------------------------------------------------X

**AMENDED COMPLAINT**

16 CV 776
(LDH) (RER)

<u>Jury Trial Demanded</u>

      Plaintiff ERIC WEISS, by his attorneys, Brett H. Klein, Esq., PLLC, complaining of the defendants, respectfully alleges as follows:

**<u>Preliminary Statement</u>**

    1.     Plaintiff brings this action for compensatory damages, punitive damages and attorneys' fees pursuant to 42 U.S.C. §§ 1983 and 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitution of the United States. Plaintiff also asserts supplemental state law claims.

**<u>JURISDICTION</u>**

    2.     This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

    3.     Jurisdiction is found upon 28 U.S.C. §§ 1331, 1343 and 1367.

**<u>VENUE</u>**

    4.     Venue is properly laid in the Eastern District of New York under 28 U.S.C. §

1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6. Plaintiff ERIC WEISS is a fifty-eight-year old man who resides in Staten Island, New York.

7. Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant CITY OF NEW YORK maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

9. That at all times hereinafter mentioned, the individually named defendants, MARK SCARLATELLI, CLYDE MOYER, MATHEW REICH, and JOHN and JANE DOE 1 through 10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10. That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW

YORK.

## FACTS

12. On November 18, 2014 at approximately 7:30 p.m., plaintiff was a passenger inside of a vehicle being operated by a friend near Rockland Avenue and Ferndale Avenue, Staten Island, New York.

13. Defendant NYPD officers CLYDE MOYER and MATHEW REICH pulled the vehicle plaintiff was a passenger in over.

14. Upon pulling plaintiff's friend's vehicle over, defendants MOYER and REICH, ordered plaintiff and his friend out of the vehicle without justification.

15. In the presence of defendant REICH, defendant MOYER unreasonably searched plaintiff despite lacking reasonable suspicion to believe that plaintiff had committed, was committing, or was about to commit any crime or offense.

16. Defendant MOYER removed a pill bottle from plaintiff's pocket which contained plaintiff's lawfully prescribed and possessed daily medications.

17. Plaintiff informed defendants MOYER and REICH that the medications were prescribed to him and that he in fact had a letter and prescriptions from his doctor in his bag inside the vehicle proving that the medications were lawfully prescribed.

18. Defendants MOYER and REICH ignored plaintiff's explanation regarding his lawfully prescribed medications and refused to look at plaintiff's paperwork, which was readily accessible to them inside of the vehicle.

19. Defendant MOYER further improperly strip searched plaintiff by reaching inside of plaintiff's pants and feeling around his genitals and buttocks on a public street.

20. Defendants MOYER and REICH arrested plaintiff despite lacking probable cause

to believe he had committed a crime insofar as it is legally permissible for an individual to carry medication for current use pursuant Public Health Law § 3345, which states as follows: "Possession of controlled substances by ultimate user's original container. Except for the purpose of current use by the person or animal for whom such substance was prescribed or dispensed, it shall be unlawful for an ultimate user of controlled substances to possess such substance outside of the original container in which it was dispensed."

21. Defendant MOYER handcuffed plaintiff in an overtight manner.

22. Plaintiff complained that the handcuffs were too tight around his wrist, but defendants MOYER and REICH failed to take corrective action.

23. Defendants MOYER and REICH then imprisoned plaintiff in their police van for approximately two hours while defendants MOYER and REICH continued on patrol, before ultimately transporting plaintiff to the 120th Police precinct for processing.

24. During the transport, defendants MOYER and REICH failed to properly secure plaintiff insofar as his seatbelt was placed in an overly loose manner over his lap only. Defendants MOYER and REICH proceeded to take plaintiff for a "rough ride", and in so doing, REICH drove the NYPD vehicle at unreasonably high rates of speed, including while turning corners, and repeatedly stopped the vehicle in a manner which caused plaintiff to be dangerously tossed around in the vehicle, causing plaintiff to suffer physical pain and emotional distress.

25. After roughly driving plaintiff around for approximately two hours, defendants MOYER and REICH brought plaintiff the 120th police precinct stationhouse, where they conspired with defendant SCARLATELLI to falsely charge plaintiff with committing purported crimes, and caused plaintiff to be unlawfully imprisoned therein overnight while defendant SCARLATELLI booked him on false charges that WEISS unlawfully possessed his lawfully

4

possessed and prescribed pills.

26. Plaintiff was transported the next morning to Richmond County Criminal Court.

27. Plaintiff was thereafter released from Richmond County Criminal Court on November 19, 2014 without any charges being filed against him, after, upon information and belief, the Richmond County District Attorney's Office reviewed the defendants' version of the arrest and declined to prosecute plaintiff given that he had committed no crime.

28. Defendants REICH, MOYER and SCARLATELLI directly participated in some or all of the above constitutional violations, or failed to intervene, despite being present and possessing a reasonably opportunity to do so.

29. All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training and supervising its employees; and pursuant to customs or practices of narcotics divisions of the NYPD of falsely arresting individuals and falsifying evidence in support of said arrests in efforts to meet quotas and gain advancements and/or overtime.

30. The aforesaid event is not an isolated incident. Defendant CITY OF NEW YORK is aware from lawsuits, notices of claims, complaints field with the NYPD's Internal Affairs Bureau, and the CITY OF NEW YORK'S Civilian Complaint Review Board, and extensive media coverage that many NYPD narcotics officers, including the defendants, are insufficiently trained, and engage in a practice of falsely arresting individuals and of falsifying evidence in support of said arrests. *See e.g.* http://www.nydailynews.com/news/crime/fabricated-drug-charges-innocent-people-meet-arrest-quotas-detective-testifies-article-1.963021.

31. Moreover, in another civil rights action filed in this court involving false

allegations by NYPD narcotics officers, Judge Jack B. Weinstein pronounced:

> Informal inquiry by the court and among judges of this court, as well as knowledge of cases in other federal and state courts, has revealed anecdotal evidence of repeated, widespread falsification by arresting police officers of the New York City Police Department. . . . [T]here is some evidence of an attitude among officers that is sufficiently widespread to constitute a custom or policy by the city approving illegal conduct of the kind now charged. *Colon v. City of New York, et. al.,* 2009 WL 4263362, *2 (E.D.N.Y. 2009).

32. Defendant CITY OF NEW YORK was also aware, prior to the incident, that the individual defendants engaged in such practices, and lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers. Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

33. For example, the CITY OF NEW YORK is aware through the litigation and settlement of multiple cases that defendant REICH has been sued on previous occasions for engaging in similar misconduct, including, without limitation, the following matters: *Cortopassi, et al. v. City of New York, et al.*, 09 CV 1569 (RRM)(RLM); *Marrero v. The City of New York, et al.*, 12 CV 1633 (CBA) (CJO); *Amoroso v. City of New York, et al.*, 12 CV 4939 (JBW0 (RLM); *Clay, et al. v. City of New York, et al.*, 14 CV 16333 (CBA) (CLP); *Sottile v. City of New York, et al.*, 14 CV 5132 (JG) (VVP); *Orlando, et al. v. City of New York, et al.*, 14 CV 5331 (ERK) (RER); and *Cortes v. Vaccarino, et. al.*, 15 CV 1718 (BMC).

34. The CITY OF NEW YORK is aware through the litigation and settlement of multiple cases that defendant MOYER has been sued on previous occasions for similar misconduct, including, without limitation, the following matters: *Orlando, et al. v. City of New York, et al.*, 14 CV 5331 (ERK) (RER), and *Gondola v. City of New York, et al.*, 16 CV 369 (ENV) (SMG).

35. The CITY OF NEW YORK is likewise aware through the litigation and settlement of multiple cases that defendant SCARLATELLI has been sued on previous occasions for similar misconduct.

36. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

37. All of the aforementioned acts deprived plaintiff ERIC WEISS of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

38. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

39. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

40. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

41. As a result of the foregoing, plaintiff ERIC WEISS sustained, *inter alia*, physical injuries, emotional distress, embarrassment, and humiliation, and deprivation of his constitutional rights.

**Federal Claims**

**AS AND FOR A FIRST CAUSE OF ACTION**
(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

42. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "41" with the same force and effect as if fully set forth herein.

43. Defendants arrested plaintiff ERIC WEISS without probable cause, causing him to be detained against his will for an extended period of time and subjected to physical restraints.

44. Defendants caused plaintiff ERIC WEISS to be falsely arrested and unlawfully imprisoned.

45. Because of the foregoing, plaintiff ERIC WEISS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A SECOND CAUSE OF ACTION**
(Excessive Force under 42 U.S.C. § 1983)

46. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "45" with the same force and effect as if fully set forth herein.

47. The level of force employed by defendants was excessive, objectively unreasonable and otherwise in violation of plaintiff ERIC WEISS' constitutional rights.

48. Because of the aforementioned conduct of defendants, plaintiff ERIC WEISS was subjected to excessive force and sustained physical and emotional injuries.

49. Because of the foregoing, plaintiff ERIC WEISS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees,

costs and disbursements of this action.

## AS AND FOR A THIRD CAUSE OF ACTION
(Fourth Amendment Claim of Unreasonable Search under 42 U.S.C. § 1983 Against the Individually Named Defendants)

50.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraph numbered "1" through "49" with the same force and effect as if fully set forth herein.

51.     Defendants unreasonably strip searched plaintiff ERIC WEISS by undoing his pants and physically touching his genitals and buttocks in a public place.

52.     Defendants caused ERIC WEISS to be unreasonably searched thereby causing plaintiff to suffer emotional distress, embarrassment and humiliation.

53.     Because of the foregoing, plaintiff ERIC WEISS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A FOURTH CAUSE OF ACTION
(Failure to Intervene under 42 U.S.C. § 1983 Against the Individually Named Defendants)

54.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "53" with the same force and effect as if fully set forth herein.

55.     Defendants had an affirmative duty to intervene on behalf of plaintiff ERIC WEISS, whose constitutional rights were being violated in their presence by other officers.

56.     The defendants failed to intervene to prevent the unlawful conduct described herein.

57.     Because of the foregoing, plaintiff ERIC WEISS' liberty was restricted for an extended period, he was put in fear of his safety, and he was humiliated and subjected to

handcuffing and other physical restraints.

58. Because of the foregoing, plaintiff ERIC WEISS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A FIFTH CAUSE OF ACTION
(Municipal Liability under 42 U.S.C. § 1983 Against Defendant City)

59. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "58" with the same force and effect as if fully set forth herein.

60. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

61. The aforementioned customs, policies, usages, practices, procedures and rules of the New York City Police Department included, but were not limited to, improperly arresting citizens for possession of their lawful medication, engaging in unreasonable strip searches, employing "rough ride" tactics resulting in physical and emotional harm to prisoners, and of inadequate screening, hiring, retaining, training and supervising its employees that was the moving force behind the violation of plaintiff ERIC WEISS' rights as described herein. Because of the failure of the CITY OF NEW YORK to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

62. The foregoing customs, policies, usages, practices, procedures and rules of the

CITY OF NEW YORK and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff ERIC WEISS.

63. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff ERIC WEISS as alleged herein.

64. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff ERIC WEISS as alleged herein.

65. Because of the foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department, plaintiff ERIC WEISS was unlawfully arrested, subjected to excessive force, improperly searched, and improperly handcuffed.

66. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff ERIC WEISS' constitutional rights.

67. All of the foregoing acts by defendants deprived plaintiff ERIC WEISS of federally protected rights, including, but not limited to, the right:

  A. Not to be deprived of liberty without due process of law;

  B. To be free from false arrest;

  C. To be free from excessive force; and

  D. To be free from the failure to intervene.

68. Because of the foregoing, plaintiff ERIC WEISS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees,

costs and disbursements of this action.

## Supplemental State Law Claims

69. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "68" with the same force and effect as if fully set forth herein.

70. Within ninety (90) days after the claim herein accrued, plaintiff duly served upon, presented to and filed with the CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

71. The CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more then thirty (30) days have elapsed since the presentation of such claim as aforesaid.

72. This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

73. Plaintiff has complied with all conditions precedent to maintaining the instant action.

74. This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

### AS AND FOR A SIXTH CAUSE OF ACTION
(False Arrest under the laws of the State of New York Against All Defendants)

75. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "74" with the same force and effect as if fully set forth herein.

76. Defendants arrested plaintiff ERIC WEISS without probable cause.

77. Plaintiff was detained against his will for an extended period and subjected to physical restraints.

78. Because of the aforementioned conduct, plaintiff ERIC WEISS was unlawfully imprisoned in violation of the laws of the State of New York.

79. Because of the aforementioned conduct, plaintiff ERIC WEISS suffered physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

80. Defendant City, as employer of the individually named defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

81. Because of the foregoing, plaintiff ERIC WEISS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SEVENTH CAUSE OF ACTION
(Assault under the laws of the State of New York Against All Defendants)

82. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "81" with the same force and effect as if fully set forth herein.

83. Because of the foregoing, plaintiff ERIC WEISS was placed in apprehension of imminent harmful and offensive bodily contact.

84. Because of defendant's conduct, plaintiff ERIC WEISS has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

85. Defendant City, as employer of the individually named defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

86. Because of the foregoing, plaintiff ERIC WEISS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees,

costs and disbursements of this action.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
(Battery under the laws of the State of New York Against All Defenants)

87. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "86" with the same force and effect as if fully set forth herein.

88. Defendants made offensive contact with plaintiff without privilege or consent.

89. Because of defendant's conduct, plaintiff ERIC WEISS has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

90. Defendant City, as employer of the individually named defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

91. Because of the foregoing, plaintiff ERIC WEISS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A NINTH CAUSE OF ACTION
(Violation of NYS Constitution Article 1 §12 Against Defendant City)

92. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "90" with the same force and effect as if fully set forth herein.

93. Because of defendants' conduct, plaintiff ERIC WEISS was deprived of his right to security against unreasonable searches, seizures, and interceptions.

94. As a result of the foregoing, plaintiff ERIC WEISS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**WHEREFORE**, plaintiff ERIC WEISS demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A)   full and fair compensatory damages in an amount to be determined by a jury;

(B)   punitive damages in an amount to be determined by a jury;

(C)   reasonable attorneys' fees and the costs and disbursements of this action; and

(D)   such other and further relief as appears just and proper.

Dated: New York, New York
November 11, 2016

                                        BRETT H. KLEIN, ESQ., PLLC
                                        Attorneys for Plaintiff ERIC WEISS
                                        305 Broadway, Suite 600
                                        New York, New York 10007
                                        (212) 335-0132

                                        By:   __s/ Brett Klein_____
                                                  BRETT H. KLEIN (BK4744)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------X

ERIC WEISS,

                                                                                 16 CV 776

        -against-                                                    (LDH) (RER)

                                 Plaintiff,

        -against-

CITY OF NEW YORK, MARK SCARLATELLI, Individually,
CLYDE MOYER, Individually, MATHEW REICH, Individually,
and JOHN AND JANE DOE 1 through10, Individually, (the
names John and Jane Doe being fictitious, as the true names are
presently unknown),

                                               Defendants.

--------------------------------------------------------------------------------X

## AMENDED COMPLAINT

                              **BRETT H. KLEIN, ESQ., PLLC**
                                Attorneys for the Plaintiff
                                305 Broadway, Suite 600
                                New York, New York 10007
                                   (212) 335-0132